## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RICHARD R. DAILEY,

      Plaintiff,

   vs.                                                 Case No. 04-4114-RDR

J.B. CALL & CO., INC.,

      Defendant,

and

BLICKMAN, INC.,

      Defendant/
      Third-Party Plaintiff

   vs.

GARY F. HIRSCH,

      Third-Party Defendant.

## **ORDER**

This matter comes before the court upon conclusion of the Final Pretrial Conference in this matter (Doc. 118). Upon conclusion of the Final Pretrial Conference, the court issued a separate order (Doc. 119), establishing deadlines for the parties to respond to several issues raised at the Final Pretrial Conference regarding the content of the Pretrial Order. Specifically, the court directed that (1) Plaintiff shall submit the parties' agreed Section 4d(6) stipulations of business records of J.B. Call and Blickman provided at the deposition of Rob Freedman by subpoena of J.B. Call; (2) the parties shall file memoranda briefs with the court, addressing the issue of whether Plaintiff should be required to amend

his pleadings to name Defendant Blickman as a potential manufacturer; and (3) Defendant J.B. Call shall e-mail chambers and opposing counsel, stating whether it is precluded from including a defense of a "warranty obligation" in Section 7d(3) of the Pretrial Order.[1]

In accordance with the court's order, the parties have made the requested submissions and the court is prepared to rule on these issues.

**Discussion**

> **1.  Section 4d(6) stipulations of business records of J.B. Call and Blickman provided at the deposition of Rob Freedman by subpoena of J.B. Call.**

Plaintiff has provided the court with a list of the parties' agreed stipulations, and the court shall include them in the Pretrial Order.[2]

> **2.  Whether Plaintiff sufficiently pled a claim naming Defendant Blickman as a potential manufacturer.**

In the parties' proposed Pretrial Order, and at the Final Pretrial Conference, Defendant Blickman ("Blickman") objected to Plaintiff's references in the Pretrial Order naming Blickman as a potential manufacturer of the medical stool. Specifically, Defendant Blickman contended that Plaintiff had never previously raised a claim that Blickman was manufacturer of the stool at issue, either in his pleadings or through a timely and proper amendment. Therefore, Blickman contended, Plaintiff should be precluded from asserting that Blickman is a manufacturer of the stool. Plaintiff Dailey disagreed with Blickman's contentions, and further contended that his allegations as set forth in his complaint

---

[1] Order re: Final Pretrial Conference and Pretrial Order (Doc. 119) at 1-2.

[2] Plaintiff states in an e-mail to chambers and opposing counsel that, "The parties have agreed to the following stipulation in Section 4d(6) of the Pretrial Order: (6) Business records identified as Freedman exhibits 1, 2, 3, 4."

adequately named Blickman as a potential manufacturer. Upon hearing these arguments the court ordered the parties to brief this issue prior to the court's entry of the Final Pretrial Order.[3]

Upon reviewing the parties' submissions and the Plaintiff's complaint, the court agrees with Defendant Blickman in part and finds that Plaintiff's complaint has failed to state a cause of action against Blickman as the manufacturer of the stool. Rather, the court finds that Plaintiff, in his complaint, framed his claim against Blickman as one of contractual liability as a successor corporation and not as the manufacturer of the stool.

However, the court disagrees with Defendant Blickman that Plaintiff should be precluded from amending his pleadings to name Blickman as a potential manufacturer under the circumstances of this case. Rather, the court finds that a late amendment is proper in this instance. Defendant J.B. Call disclosed Eugene Laws as a potential witness on December 30, 2005 – the last day of discovery. It is the court's understanding from the Final Pretrial Conference that Mr. Laws' proposed testimony supports the theory that Defendant Blickman may be the manufacturer of the stool. It is also the court's understanding that Mr. Laws' proposed testimony may indeed be the first and/or only evidence linking Blickman to the manufacture of the stool. Therefore, while Plaintiff failed to originally allege in his complaint that Blickman may be the manufacturer of the stool, the court finds that there appears to be at least some reasonable explanation, based on the timing of Mr. Laws' disclosure, for his delay in seeking leave to amend.[4]

---

[3]*See* Order re: Final Pretrial Conference and Pretrial Order (Doc. 119) at 1-2.

[4]*See, e.g., Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)(holding that untimeliness alone is sufficient to deny amendment, particularly when the moving party offers no adequate explanation for the delay).

Therefore, upon consideration of all factors, the court finds that plaintiff's complaint shall be deemed as amended to include Blickman as a potential manufacturer in this case. This ruling should adequately preserve this matter for further consideration by the court as it proceeds through the parties' pending motions and trial.

### 3. Whether Defendants J.B. Call and Mr. Hirsch are precluded from including a defense of a "warranty obligation" in Section 7d(3) of the Pretrial Order.

During the Final Pretrial Conference, Defendant Blickman objected to Defendants J.B. Call and Gary Hirsch's inclusion of a "warranty obligation" defense in Section 7d of the Pretrial Order. Blickman objected on the grounds that the court had previously denied J.B. Call and Mr. Hirsch's motion for leave to assert this cross-claim and that it is an otherwise a non-pled affirmative defense.

At the Final Pretrial Conference, counsel for Defendants J.B. Call and Mr. Hirsch could not recall if they had pled the affirmative defense in their answer. However, counsel for J.B. Call and Hirsch did acknowledge that the court had previously denied their motion for leave to amend to assert a warranty obligation cross-claim against Blickman. Upon hearing this, the court ordered Defendants J.B. Call and Mr. Hirsch to review their pleadings and inform the court as to whether the warranty obligation had been affirmatively pled.[5]

On February 13, 2006, counsel for Defendants J.B. Call and Mr. Hirsch informed the court and opposing counsel that the specific defense "was not alleged in the answer." Therefore, the court concludes that the warranty obligation defense should not be included in Section 7d of the Pretrial Order. It should be excluded, because the court finds that it is a non-pled affirmative defense and is

---

[5] Order re: Final Pretrial Conference and Pretrial Order (Doc. 119) at 2.

otherwise improper since the court previously denied leave to amend to assert this cross-claim.[6]  As a result,

**IT IS THEREFORE ORDERED that:**

(1) The court shall include the parties' agreed Section 4d(6) stipulations of business records of J.B. Call and Blickman provided at the deposition of Rob Freedman by subpoena of J.B. Call;

(2) The court shall deem Plaintiff's complaint to be amended to assert a claim against Blickman as a potential manufacturer of the medical stool;

(3) The court shall retain Plaintiff's references in the Pretrial Order to both Defendants J.B. Call and Blickman as potential manufacturers of the medical stool;

(4) The court shall deny inclusion of Defendants J.B. Call and Mr. Hirsch's proposed warranty obligation defense in Section 7d of the Pretrial Order; and

(5) The court shall subsequently enter the Pretrial Order in accordance with this order.

**IT IS SO ORDERED**.

Dated this 24th day of February, 2006, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[6]*See* Fed. R. Civ. P. 8(c); *See also* Order denying Motion for Leave to File Cross-Claim (Doc. 80).