```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF KANSAS
```

RICHARD R. DAILEY,

        Plaintiff,
  vs.                              **Case No. 04-4114-RDR**

J.B. CALL & CO., INC.,

        Defendant.
and

BLICKMAN, INC.,

        Defendant/
        Third-Party Plaintiff,

  vs.

GARY F. HIRSCH,

        Third-Party Defendant.

---

## MEMORANDUM AND ORDER

This is a products liability case. Plaintiff is a medical doctor. He alleges that he was injured on September 9, 2002 and suffered damages when a medical examination stool he was using collapsed. Plaintiff alleges that the stool was defective when it left the manufacturer. There are two defendants and a third-party defendant in this case. Defendant J.B. Call ("JBC") was a manufacturer of medical examination stools. Defendant Blickman, Inc. ("Blickman") purchased certain assets of JBC on or about October 31, 1997 pursuant to an agreement with JBC and third-party defendant Gary Hirsch. It appears undisputed that either JBC or Blickman manufactured the stool which is alleged to have collapsed.

There are four motions pending in this case, but the motions boil down to two matters: 1) whether to strike two witnesses that have been designated by JBC; and 2) whether to grant summary judgment to Blickman and partial summary judgment to plaintiff upon a finding that JBC manufactured the stool at issue in this case.

I.   MOTIONS TO EXCLUDE OR STRIKE JBC'S DISCLOSURES OF DR. EBELKE AND EUGENE LAWS AS WITNESSES (Doc. Nos. 108 & 113)

Plaintiff has brought these motions arguing that defendant JBC should not be permitted to call Dr. David Ebelke and Eugene Laws as witnesses because they were not timely identified as such in JBC's Rule 26 disclosures. JBC argues that Dr. Ebelke was known by plaintiff from the beginning of the case and that JBC timely identified him as a potential witness when JBC listed as potential witnesses "other medical doctors, health care providers, and/or medical professionals who treated [plaintiff] or who may be identified in the medical records of [plaintiff]." JBC further argues that it has not retained or employed Dr. Ebelke as an expert witness. Regarding Eugene Laws, JBC contends that it, along with plaintiff, learned of Mr. Laws in October 2005 and that plaintiff suffered no prejudice from JBC listing Laws as a possible witness on or about the last day of discovery, December 30, 2005.

The court is not convinced that Dr. Ebelke was disclosed belatedly to plaintiff. While JBC did not list the possible witnesses by name, it did describe them categorically. Plaintiff does not cite a reason or authority for finding that this type of

2

identification is legally improper, and plaintiff did not object to this kind of disclosure at the time it was done. It appears to the court that Mr. Laws was not disclosed in as timely fashion as was proper. Nevertheless, plaintiff has not adequately shown that he will suffer prejudice from the listing of either man as a witness. Therefore, the court shall deny plaintiff's motions to strike.

II. <u>MOTIONS FOR SUMMARY JUDGMENT AND PARTIAL SUMMARY JUDGMENT</u>
(Doc. Nos. 69 & 95)

Blickman asks for summary judgment on the grounds that JBC, not Blickman, manufactured the stool that is the subject of this lawsuit and that Blickman did not assume any liability for injuries caused by a stool manufactured by JBC when it entered the purchase agreement with JBC. In plaintiff's response to Blickman's motion for summary judgment, plaintiff does not dispute these contentions and asks the court to enter partial summary judgment against JBC finding that JBC is the manufacturer of the stool. However, in the final pretrial order, plaintiff has been permitted to amend his contentions to claim that Blickman manufactured the stool if this court finds there is adequate evidence to submit that fact issue to a jury. Doc. No. 124 at p. 18.

Defendant JBC and third-party defendant Hirsch filed a response to co-defendant Blickman's motion for summary judgment and plaintiff's motion for partial summary judgment. JBC asserts that there is a genuine issue of fact as to whether JBC or Blickman manufactured the stool in question. Blickman, of course, disagrees

that there is a genuine issue of fact as to who made the stool and further contends that JBC does not have standing to oppose Blickman's motion for summary judgment.

    A.  <u>Standards for summary judgment</u>

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The movant has the burden to "demonstrate an absence of a genuine issue of material fact given the relevant substantive law." <u>Thomas v. Wichita Coca-Cola Bottling Co.</u>, 968 F.2d 1022, 1024 (10th Cir.) <u>cert. denied</u>, 506 U.S. 1013 (1992). The court reviews the evidence and draws all reasonable inferences in the light most favorable to the nonmovant. <u>Thomas v. International Business Machines</u>, 48 F.3d 478, 484 (10th Cir. 1995). Summary judgment shall be granted unless there is evidence upon which a reasonable jury could find for the nonmovant. <u>Panis v. Mission Hills Bank, N.A.</u>, 60 F.3d 1486, 1490 (10th Cir. 1995) <u>cert. denied</u>, 516 U.S. 1160 (1996). Conclusory allegations will not create a genuine issue of material fact defeating a summary judgment motion. <u>White v. York Int'l Corp.</u>, 45 F.3d 357, 363 (10th Cir. 1995).

    B.  <u>Standing</u>

We believe JBC has standing to oppose Blickman's motion for summary judgment. This conclusion is supported by the result in <u>Hoover v. Switlik Parachute Co.</u>, 663 F.2d 964 (9th Cir. 1981). In

Hoover, the plaintiff was injured while using a parachute owned by the Air Force.  The plaintiff joined as a defendant a company named Pioneer as the manufacturer of the parachute.  Later, the plaintiff joined as a defendant a company named Switlik as the manufacturer of the parachute.  Switlik cross-claimed against its co-defendants for indemnity and contribution.  Pioneer moved for summary judgment contending that it did not make the parachute.  The district court granted this motion and found that Switlik manufactured the parachute.  Switlik appealed the order.  The first issue discussed by the Ninth Circuit on appeal was whether Switlik had standing to contest the grant of summary judgment to Pioneer.  The Ninth Circuit held that Switlik did have standing to contest the grant of summary judgment to Pioneer because Switlik was a party to the case and was aggrieved by the decision.

For the same reasons, we believe JBC has standing to oppose the summary judgment motion of Blickman.  If this case goes to a jury, the jury will have to determine the manufacturer of the stool on the basis of all the evidence in the record, not just the evidence elicited by one party or another.  Therefore, on summary judgment, it would be improper for this court to limit our consideration to the arguments and evidence of plaintiff and Blickman. Of course, if we did limit the arguments and evidence on summary judgment to plaintiff and Blickman, we could not apply any finding made in our decision against JBC, and the issue would have

to be considered again in the contest between plaintiff and JBC. This could lead to a duplicative proceeding and contradictory results. Because the law normally disfavors such situations, the court believes the best approach in this case is to find that JBC has standing to oppose Blickman's motion for summary judgment.

C. <u>Arguments for and against summary judgment and partial summary judgment</u>

Plaintiff and Blickman have referred to the following evidence to support their contention that JBC made the stool in question. An affidavit from the president of Blickman, Rob Freedman, states that he observed the inventory of stools and stool parts in October 1997 to be purchased from JBC under the agreement. He has also examined photos of the stool which allegedly caused plaintiff's injury. He concludes that the stool at issue was not manufactured by Blickman and was not in the inventory purchased from JBC because it was made differently than the stools Blickman made and the stools JBC made when Blickman entered the purchase agreement with JBC. Mr. Freedman explained the difference he saw in his deposition:

> There is – on the upholstery there is a beading that runs the circumference of the seat. At the time that we acquired J.B.Call and in some months prior to that in our transition and the inventory accounting and so on, the upholstery was different at that time as it is today where the upholstery has not – does not and has not to my knowledge in the time that we've been involved with the J.B. Call product line have manufactured seats with the beading around the upholstery. We also stopped embossing the J.B. Call name on the cover plate some time shortly thereafter. I cannot say with certainty that some

6

>  inventory of those caps with the J.B. Call name did not
>  exist at the time, they may have.  Also there was a
>  transition of the source of these stools some time prior
>  to December of '97.  Where the stools we acquired at the
>  time of the transaction and subsequent to the transaction
>  are made in China, this stool indicates it was made in
>  Taiwan which pre-dated December 1997.
>  . . . .
>  There is a photograph here with the sticker indicating
>  made in Taiwan on the shaft plate.

Deposition of Rob Freedman, pp. 30-32.

Plaintiff has made reference to the deposition testimony of Seth Flexo, who worked at JBC and at Blickman after the purchase agreement.  Flexo stated that he had the same understanding as Freedman regarding the change of the design of the seat after Blickman purchased the assets of JBC.  In addition, plaintiff stated in his deposition that he thought the stool at issue was present from 1995 forward at a clinic where he worked.

JBC has offered the following evidence in opposition to the summary judgment motions.  Blickman continued to sell a JBC line of medical examination stools after the purchasing agreement.  Some of these stools have beading around the cushion.  An affidavit from Eugene Laws, a manager of JBC prior to the purchase agreement, made the following points:  JBC made stools with beading and without beading at the time Blickman purchased the company; Blickman acquired from JBC the sewing machine with the cording attachment to create the bead on the seat covers; JBC began purchasing component parts from mainland China approximately one year before the purchase agreement and stored those parts with the parts made in

7

Taiwan; customers would not know whether the parts in a stool were made in China or Taiwan; and JBC did not instruct its employees to use the Taiwanese parts before the Chinese parts when assembling the stools.

JBC also contends that plaintiff's testimony regarding the stool is not conclusive as to the manufacturer. Plaintiff testified in his deposition that the stool in question came from a storage area where stools "probably" from the Blue Valley Family Care laboratory were collected. He said the stool was "very similar" to the stools he saw in that laboratory, although he never sat on the stools in the lab and generally just walked in and out of that room when he worked there. He said the stool did not match the exam room tables as did most of the other exam stools and that it looked like it was almost new. He believed the stool was brought up from storage in approximately August 2002.

Upon our review of the evidence presented by all sides, we believe that a material issue of fact remains as to the manufacturer of the stool in this case. Therefore, the court shall deny the motion for summary judgment and the motion for partial summary judgment.

III.   CONCLUSION

In conclusion, plaintiff's motions to strike shall be denied, Blickman's motion for summary judgment shall be denied, and plaintiff's motion for partial summary judgment shall be denied.

**IT IS SO ORDERED.**

Dated this 9th day of March, 2006 at Topeka, Kansas.

           s/Richard D. Rogers
           United States District Judge